**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LARRY WOODSON,** | : |
| Petitioner | : |
| | :    **CIVIL ACTION NO. 3:14-0558** |
| **v.** | : |
| | :             **(Judge Mannion)** |
| **THERESA DELBALSO,** *et al.*, | : |
| Respondents | : |

## MEMORANDUM

**I.    Background**

On March 24, 2014, Larry Woodson, an inmate presently confined at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania (SCI-Retreat), filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254. (Doc. 1). The required filing fee has been paid. Petitioner is challenging his 2008 conviction and his aggregate sentence of 210 to 420 months incarceration imposed by the Luzerne County Court of Common Pleas for various drug related offenses. Petitioner seeks this court to overturn his conviction and to dismiss all charges. On April 22, 2014, petitioner completed and filed a *Miller/Mason* Notice of Election indicating that he labeled his petition as one under §2254, and that he chose to have the court rule on it as filed. (Doc. 5). *See* United States v. Miller, 197 F.3d 644 (3d Cir. 1999); Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

The petition was served and a show cause order was issued. Respondents filed their response to the petition with exhibits on November 26, 2014. (Doc. 29).

Petitioner filed a traverse and a supplement. (Doc. 30, Doc. 31). On May 12, 2015, petitioner filed a motion to amend his habeas petition. (Doc. 37). On March 16, 2016, petitioner filed a motion for stay and abeyance, (Doc. 45), in which he requests that the court stay his action so that he may pursue a post conviction remedy in the state courts[1] before proceeding with his instant habeas petition. For the reasons outlined below, the petition for writ of habeas corpus will be denied and petitioner's motions will be denied.

The Luzerne County Court stated the initial background of petitioner's case in its June 30, 2011 opinion denying his Post Conviction Relief Act ("PCRA") Petition pursuant to 42 Pa.C.S.A. §9541, *et seq*. (Doc. 29-13). The Luzerne County Court stated:

> In January 2006, the [PA Attorney General's] Bureau of Narcotics Investigation and Drug Control and the Luzerne County Drug Task Force conducted a joint Investigation into the drug trafficking in Luzerne County. In the month of August 2006, three (3) separate buys of cocaine were completed between two (2) different task force officers and the Defendant, Larry Woodson. Subsequent thereto, on May 7, 2007 a statewide investigating grand jury recommended that charges be brought against Mr. Woodson. As a result, on July 25, 2007 the Attorney General's Office issued an Information against Woodson, which included three (3) counts of possession of a controlled substance, three (3) counts of delivery of cocaine, and three (3) counts of conspiracy to deliver cocaine.

The Pennsylvania Superior Court then stated the background of petitioner's criminal case in its March 12, 2013 opinion affirming the Luzerne County Court's

---

1. Petitioner indicates that on March 8, 2016, he filed another PCRA petition, his fourth, which he states is currently pending before the Luzerne County Court of Common Pleas. (Doc. 45 at 10).

denial of petitioner's PCRA petition.

> On October 10, 2008, a jury convicted Woodson of three counts each of possession of a controlled substance (cocaine), possession with intent to deliver (cocaine) ("PWID"), and conspiracy PWID (cocaine) [35 P.S. §§780-113(a)(16), 780-113(a)(30), and 18 Pa.C.S. §903(a)(1), respectively.] A sentencing hearing was held on November 19, 2008 and the court imposed an aggregate sentence of 210 to 420 months incarceration. Woodson's judgment of sentence was upheld by [the PA Superior] Court on April 9, 2010. Woodson filed pro se a PCRA petition on June 30, 2010. PCRA counsel was appointed on July 27, 2010. Subsequently counsel filed a supplemental petition on August 23, 2010 and memorandum on September 16, 2010. The PCRA court [Luzerne County Court] held hearings on December 7, 2010 and February 23, 2011.

(Doc. 29-18) (footnotes omitted).

After conducting hearings, the Luzerne County Court issued a detailed opinion and order denying petitioner's PCRA petition on June 30, 2011. (Doc. 29-13). The court condensed the claims alleging ineffective assistance of both trial and appellate counsel to the six follow issues:

> (1) Counsel was ineffective to stipulate to the "certification of the analysis in the lab report" from the Pennsylvania State Police and not cross-examine the technician; (2) Trial counsel was ineffective in failing to file a motion to suppress photographs of the victims wounds; (3) No post sentence motion was filed; (4) Counsel was ineffective for failing to raise the issue of sentence entrapment; (5) Counsel was ineffective for failing to challenge the probable cause affidavit concerning the charges of conspiracy; and (6) Appellate Counsel was ineffective in that he failed to challenge the sentence and was allowed to withdraw.

The Luzerne County Court thoroughly analyzed petitioner's claims of ineffective assistance of counsel under Pennsylvania case law as well as under Strickland v. Washington, 466 U.S. 668 (1984), and found no merit to them. As stated, the Superior Court affirmed the order of the Luzerne County Court. (Doc.

29-18). In its opinion, the Superior Court found that even though petitioner's concise statement for appeal raised five issues, he only brief two issues and the other three issues were waived. The two issues which the Superior Court considered were whether petitioner's trial counsel was ineffective for failing to: "1) argue, at sentencing or in post sentence motions, the theory of sentencing entrapment; and 2) challenge the charges and convictions for conspiracy as a legal nullity." The Superior Court stated:

> it has long been recognized to establish counsel's ineffectiveness, a PCRA petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action chosen; and (3) counsel's action or inaction prejudiced the petitioner. *See* Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Commonwealth v. Pierce, 527 A.2d 973, 975 (Pa. 1987). "Failure to meet any prong of the test will defeat an ineffectiveness claim." Commonwealth v. Wright, 961 A.2d 119, 149 (Pa. 2008).

On May 17, 2013, petitioner filed a second PCRA petition but it was later dismissed by the trial court since his petition for allowance of appeal regarding his first PCRA petition was still pending with the PA Supreme Court. The PA Supreme Court denied petitioner's petition for allowance of appeal on October 9, 2013. Petitioner then filed a third PCRA petition in the trial court. On February 3, 2014, the trial court filed a Notice of Intention to Dismiss petitioner's third PCRA petition since it was untimely and petitioner objected to its dismissal. Petitioner filed another PCRA petition on March 14, 2016, and a motion for stay

4

and abeyance in this court.[2]

## II.   Standard of Review

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the very fact or duration of his or her confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

Recently, the Third Circuit in Collins v. Sect. of PA Dept. of Corrections, 742 F.3d 528 (3d Cir. 2014), stated that standard of review in habeas corpus cases brought under §2254. The court in Collins, 742 F.3d at 543, stated:

> [The standard of review in habeas corpus cases] dictates how much deference we must give to state court rulings. That standard, a function of the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2254(d), does not "permit federal judges to ... casually second-guess the decisions of their state-court colleagues or defense attorneys." Burt v. Titlow, —— U.S. ——, 134 S.Ct. 10, 13, 187 L.Ed.2d 348 (2013). Under AEDPA, habeas relief is not available for any "claim that was adjudicated on the merits" in state court unless that adjudication either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court," or was founded on an "unreasonable determination of the facts." 28 U.S.C. §2254(d)(1)-(2). [] A state court decision is an "unreasonable

---

2.   The court reviewed petitioner's Luzerne County Court docket at https://ujsportal.pacourts.us/DocketSheets/CP.aspx. *See Com. of PA v. Larry Woodson*, CP-40-Cr-0002033-2007.

application" of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

The court in Collins, 742 F.3d at 543-44, then explained the "highly deferential standard" which must be afforded to state court decisions applying federal law:

> Under the strictures of the "unreasonable application" clause, a federal court may not issue a writ of habeas corpus simply because it "concludes in its independent judgment that the state-court decision applied a Supreme Court case incorrectly." Blystone v. Horn, 664 F.3d 397, 417 (3d Cir. 2011) (internal quotation marks omitted). Instead, the petitioner must "show that the state court applied that case to the facts of his case in an objectively unreasonable manner." Id. (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Harrington v. Richter, [562] U.S. [86], 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011). Section 2254(d) authorizes us to issue a writ of habeas corpus only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents." Id. Under this highly deferential standard, "we will not surmise whether the state court reached the best or even the correct result in [a] case; rather, we will determine only 'whether the state court's application of [federal law] was unreasonable.'" Rountree v. Balicki, 640 F.3d 530, 538 (3d Cir. 2011) (quoting Richter, 131 S.Ct. at 785).

## III. Discussion

There is no dispute that petitioner's habeas petition was timely filed within the one-year limitation period contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. 29 at 12-14). There is also no dispute that this court has jurisdiction over the instant habeas petition in which petitioner

claims that he is entitled to relief because his conviction and sentence were the result of ineffective assistance of trial and appellate counsel. 28 U.S.C. §2254; *see also* Collins, supra.

No doubt that the clearly established federal law in the present case is based on the Supreme Court's decision in *Strickland v. Washington*. The two-prong test which the court uses to decide ineffective assistance of counsel claims is: "A petitioner must prove both (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that petitioner was prejudiced by that subpar performance." Collins, 742 F.3d at 544 (citing Strickland, 466 U.S. at 688, 694). However, "before examining the state courts' application of *Strickland*, [the court] first ha[s] to determine whether [petitioner's] claims were adjudicated on the merits [by the state court], since the distinction between claims that have been so adjudicated and claims that have not been means the difference between highly deferential review and de novo review." Id. Thus, if the PA state court decided that petitioner's trial and appellate counsel were not deficient, i.e.,counsels' representation did not fall below "an objective standard of reasonableness", then the court examines this prong of his ineffective assistance of counsel claims under *Strickland* by applying the highly deferential review. Id.

Petitioner raises seven habeas claims of ineffective assistance of counsel which are accurately summarized and labeled by respondents, (Doc. 29 at 14-15, Doc. 3), as follows:

7

(1) His PCRA appeal counsel's representation was constitutionally inadequate because counsel failed to argue three claims in the appellate brief filed in the state Superior Court that were contained in the concise statement of matters complained of on appeal previously filed in the state trial court ("the PCRA appeal counsel claim"); (2) His trial counsel's representation was constitutionally inadequate because he violated Woodson's Confrontation Clause right by stipulating to laboratory reports reflecting the nature and amount of illegal drugs delivered by Woodson ("the stipulation claim"); (3) His trial counsel's representation was constitutionally inadequate because counsel failed to impeach a Commonwealth witness with retail theft convictions ("the impeachment claim"); (4) His trial counsel's representation was constitutionally inadequate because counsel failed to challenge the Commonwealth's identification evidence ("the identification evidence claim"); (5) His trial counsel's representation was constitutionally inadequate because counsel failed to argue sentencing entrapment at the time of Woodson's sentencing hearing and in post-sentence motions ("the sentencing entrapment claim"); (6) His trial counsel's representation was constitutionally inadequate because counsel failed to argue that the criminal charges and convictions for criminal conspiracy were invalid ("the conspiracy claim"); and 7) His trial counsel was ineffective for failing to challenge the legality of Woodson's sentence insofar as it applied 18 Pa.C.S.A. §7508 ("the legality of sentence claim").[3]

Regarding all seven of petitioner's claims, respondents argue, (Doc. 29 at 19), that "Woodson simply presents to this Court the identical arguments that he presented at various stages of the state court proceedings. He is not arguing that the state courts' application of federal law and/or determination of the facts was objectively unreasonable, but instead that the determinations were incorrect."

Initially, with respect to petitioner's PCRA appeal counsel ineffectiveness claim, the court agrees with respondents that this is not cognizable habeas claim

---

3. The court uses the respondents' labels for petitioner's habeas claims and shall not repeat the substance of each claim when referring to them herein.

since "the United States Constitution does not dictate a standard for attorney effectiveness in a post-conviction, collateral attack." (Doc. 29 at 20). In Moore v. DiGugielmo, 489 Fed.Appx. 618, 627 n. 5 (3d Cir. 2012), the Third Circuit noted:

> [Petitioner's] ineffective assistance of PCRA counsel claim is unavailing, as there is no constitutional right to counsel in a post-conviction proceeding. In a recent opinion, Martinez v. Ryan, ––– U.S. –––, 132 S.Ct. 1309, 1319, 182 L.Ed.2d 272 (2012), the United States Supreme Court established a "limited qualification" to its holding in Coleman v. Thompson, 501 U.S. 722, 752–54, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), that an attorney's error in a post-conviction proceeding does not establish cause to excuse a procedural default. The Court left standing, however, its long-established principle that there is no right to counsel in post-conviction collateral proceedings. *See id.* at 1315; Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ["We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks"]; Dunn v. Colleran, 247 F.3d 450, 467 (3d Cir. 2001).

Therefore, petitioner's PCRA appeal counsel ineffectiveness claim is denied.

Respondents contend that petitioner's stipulation claim, his impeachment claim, his identification claim, and his legality of sentence claim were not exhausted since they were not fairly presented to the state Superior Court.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. §2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Collins, 742 F.3d at 541-42 (citing Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887 (1995)). Pursuant to §2254(b)(1)(A), the petitioner must give the state

9

courts an opportunity to review allegations of error before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c); *see also* Rose v. Lundy, 455 U.S. 509, 518-19 (1982) (finding that before a federal court can adjudicate claims under habeas corpus, interests of comity and federalism dictate that the state courts must have the first opportunity to decide a petitioner's claims). "A claim is procedurally defaulted if the petitioner failed to exhaust that claim in state court and if state procedures prohibit the petitioner from later presenting the claim in state court." Collins, 742 F.3d at 542 (citing Jimenez v. Walker, 458 F.3d 130, 149 (2d Cir. 2006) ("Under the procedural-default doctrine, when a prisoner has exhausted his state remedies but has not given the state courts a fair opportunity to pass on his federal claims, the prisoner has procedurally defaulted his claims...."). "A habeas petition should therefore be denied if it raises claims that were procedurally defaulted in state court" unless "the prisoner can demonstrate cause for the default and actual prejudice ... or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Norris v. Brooks, 794 F.3d 401, 404 (3d Cir. 2015) (quoting Coleman v. Thompson, 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

In his legality of sentence claim, petitioner alleges that his trial counsel

failed to challenge the excessive and unreasonable nature of his sentence. However, petitioner did not present this claim to the state courts. In his direct appeal to the PA Superior Court, petitioner claimed that his sentence "was unreasonable, excessive and unduly harsh." (Doc. 29-6). The Superior Court considered this claim, found that it was an attack on the discretionary aspects of his judgment of sentence and denied the claim. In his first PCRA petition, petitioner claimed that his trial counsel was ineffective for failing to raise the issue of sentence entrapment. (Doc. 29-13). However, he did not claim that his trial counsel was ineffective for failing to challenge his sentence as unreasonable and excessive. Thus, petitioner's legality of sentence claim is procedurally defaulted and is denied. *See* Collins, 742 F.3d at 542.

The record also shows that petitioner did not exhaust his stipulation claim, his impeachment claim, and his identification claim to the PA Superior Court in his appeal of the Luzerne County Court's denial of his PCRA petition. The Superior Court stated in its Opinion affirming the denial of petitioner's PCRA petition, (Doc. 29-18), that "[o]n appeal, Woodson claims his trial counsel failed to: 1) argue, at sentencing or in post sentence motions, the theory of sentencing entrapment; and 2) challenge the charges and convictions for conspiracy as a legal nullity. The Superior Court also noted that even though petitioner's concise statement under Pa.R.A.P. 1925(b) raised five issues, (*see* Doc. 29-15), issues numbers one through three were waived since petitioner briefed only the above two issues, numbers four and five. Indeed, the record shows that the Luzerne

11

County Court considered five issues raised in petitioner's PCRA petition, (Doc. 29-15), namely, his stipulation claim, his impeachment claim, his identification claim, his sentence entrapment claim (not legality of sentence claim), and his conspiracy claim. However, the Superior Court found that petitioner's appeal brief, (Doc. 29-16), only addressed the stated two ineffective assistance of trial counsel claims, namely, sentence entrapment claim and conspiracy claim, and did not address the other three claims which were therefore waived. (Doc. 29-18).

Since petitioner failed to present his stipulation claim, his impeachment claim, and his identification claim to the Superior Court in his appeal of the denial of his PCRA petition, and since the PCRA's one-year statute of limitations period has expired long ago, he cannot now raise the stated claims in the state court. Thus, petitioner has procedurally defaulted these claims and this court cannot consider them. *See* Collins, 742 F.3d at 543 ("[I]n order to satisfy exhaustion, a state habeas petitioner must present the 'substantial equivalent' of his federal claim to the state courts in order to give the state courts 'an opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'") (quoting Picard v. Connor, 404 U.S. 270, 277–78, 92 S.Ct. 509 (1971)).

Petitioner argues that the procedural default of his stipulation claim, impeachment claim, and identification claim should be excused because his appellate counsel in his appeal of the county court's order denying his PCRA petition failed to present these claims to the Superior Court and they were found

to be waived. In Martinez, 132 S.Ct. at 1315, the Supreme Court recognized a narrow exception to the general rule of *Coleman* that there is not a right to counsel in post-conviction collateral proceedings and held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for prisoner's procedural default of a claim of ineffective assistance at trial." However, the court agrees with respondents, (Doc. 29 at 23), that "*Martinez* does not apply to counsel errors in connection with **appeals** of initial review collateral proceedings." (emphasis original). Since the Luzerne County Court considered petitioner's stipulation claim, his impeachment claim, his identification claim at "initial review collateral proceedings", he has not shown cause for his procedural default of these claims even though he alleges that his counsel failed to brief these issues in his appeal from the initial denial of his PCRA petition. *See* Norris v. Brooks, 794 F.3d at 404 ("Most importantly, the Court [in *Martinez*] stated that the exception applies only to attorney error in initial-review collateral proceedings, not appeals from those proceedings.") (citing Martinez, 132 S.Ct. at 1320). The Third Circuit in Norris, 794 F.3d at 404, also stated that "[o]utside of these 'limited circumstances,' *Martinez* made clear that *Coleman* remains the law." (citing Martinez, 132 S.Ct. at 1320). Thus, since petitioner Woodson's stated three claims of ineffective assistance of trial counsel were presented on initial collateral review to the Luzerne County Court and only waived on collateral appeal, *Martinez* does not apply and petitioner has not established cause for his procedural default of these claims. *See* Norris, 794 F.3d at 405 ("*Martinez* made

very clear that its exception to the general rule of *Coleman* applies only to attorney error causing procedural default during initial-review collateral proceedings, not collateral appeals." (citing Coleman, 132 S.Ct. at 1316, 1320).

Petitioner's two remaining ineffective assistance of counsel claims are his sentencing entrapment claim, which includes his challenge to his mandatory minium sentences under 18 Pa.C.S.A. §7508, and his conspiracy claim. Since the state courts adjudicated petitioner's remaining three claims on the merits, this court applies the highly deferential standard of review.

A claim of ineffective assistance of counsel is governed by the two-prong test set forth by the Supreme Court in *Strickland*. "Under *Strickland*, a habeas petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different." Rainey v. Varner, 603 F.3d 189, 197 (3d Cir. 2010) (citing Strickland v. Washington, 466 U.S. at 687). In order to satisfy the first prong, the trial counsel's performance must have fallen below an objective standard of reasonableness under the prevailing professional norms. Id. In order to prove deficiency of counsel, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment." Strickland, 466 U.S. at 686. The court must provide great deference in favor of trial counsel when evaluating counsel's performance. Id.

Respondents argue that "the state courts did not unreasonably apply the

federal ineffectiveness standard in evaluating [petitioner's] [sentencing entrapment] claim" and that "[b]oth the state trial court and state Superior Court found that there is no arguable merit to [his] notion that he was a victim of sentencing entrapment." (Doc. 29 at 25-26). Petitioner's claim is based on the fact that during August 2006, two different uncover officers made three separate buys of cocaine from him resulting in his conviction regarding all three buys. Specifically, petitioner Woodson was convicted of three counts of possession of a controlled substance, three counts of delivery of cocaine and three counts of conspiracy to deliver cocaine and he "received consecutive sentences of 35 to 70 months on each of three counts of possession with intent to deliver and three counts of conspiracy to commit possession with intent to deliver." The trial court found that "the possession offenses merged with the possession with intent to deliver/delivery offenses for purposes of sentencing." (Doc. 29-6).

Petitioner received mandatory minium sentences pursuant to 18 Pa.C.S.A. §7508. (Doc. 29-6). The mandatory sentence under §7508(a) applies "if at the time of sentencing the defendant has been convicted of another drug trafficking offense." Commonwealth v. Kittrell, 19 A.3d 532, 537 (Pa.Super. 2011). Regarding petitioner's sentence entrapment claim and his claim that trial counsel was ineffective for failing to challenge his sentence with respect to the application of §7508, the issue addressed by the state courts was whether a conviction in a multiple count complaint can be counted as a prior conviction triggering the enhancement provision of §7508. Petitioner claims that he should

have been arrested after the first drug buy and that his later arrest after subsequent drug buys constituted sentence entrapment because it lead to his conviction on multiple counts. He also claims that his mandatory minium sentences under §7508 were illegal.

"Sentencing entrapment occurs when 'a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment.'" Kittrell, 19 A.3d at 539 (citations omitted). "To succeed on a claim of sentencing entrapment, the defendant must show either 'outrageous government conduct' or 'extraordinary government misconduct'" which consists of conduct "so grossly shocking and so outrageous that it violates the universal sense of justice." Id. (citations omitted).

In the Superior Court's April 9, 2010 decision affirming petitioner's judgment of sentence on direct appeal, (Doc. 29-6), the court considered petitioner's sentence entrapment claim. The Superior Court found no merit to this claim based on the PA Supreme Court case of Commonwealth v. Vasquez, 753 A.2d 807 (Pa. 2000). The Superior Court found that *Vasquez* was "squarely on point" with petitioner's case since it held that "the unambiguous, plain language of Section 7508 focuses on a defendant's prior convictions at the time of sentencing, making no distinction between convictions that arise from a multiple count complaint or a separate complaint." (Doc. 29-6) (citing Vasquez, 753 A.2d at 809). Since there was clearly no merit to petitioner's sentence entrapment claim and his claim regarding his mandatory minium sentences under §7508, his

16

trial counsel was not ineffective for failing to raise these issues.

It is well-settled that counsel cannot be ineffective for failing to raise a meritless claim. *See* U.S. v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999). Also, as respondents state "[t]he Pennsylvania appellate courts have repeatedly stated in unequivocal terms that sentencing entrapment does NOT occur simply because law enforcement officers do not arrest a defendant following his first act of criminality but instead wait until a subsequent criminal act." (Doc. 29 at 27) (emphasis original) (citing Kittrell, 19 A.3d at 539; Commonwealth v. Paul, 925 A.2d 825, 831 (Pa.Super. 2007). As such, petitioner's habeas ineffective assistance of trial counsel claim regarding sentencing entrapment and mandatory minium sentences under §7508 is denied since these issues lacked merit. Based on the record, the state courts applied federal law in a reasonable manner when they found that petitioner Woodson's trial counsel was not ineffective with respect to this claim under *Strickland's* "objective reasonableness" standard.

Finally, the court considers petitioner's ineffective assistance of trial counsel claim alleging that his counsel should have challenge the probable cause affidavit concerning the charges of conspiracy since conspiracy was factually impossible in his case. The trial court and the Superior Court both found that there was no arguable merit to petitioner's claim regarding the conspiracy charges. The trial court sitting as the PCRA court considered this claim, (Doc. 29-13), and stated:

17

> Defendant alleges that trial counsel was ineffective in failing to challenge the probable cause affidavit concerning the conspiracy charges against Defendant. It is true that both the Pennsylvania federal courts have recognized that a defendant's conversations with the government agent or an informant cannot in and of itself constitute a conspiracy because it is legally impossible to conspire with a government agent or informant. In the case at bar[,] the evidence was clear that not only did Defendant conspire with individuals in law enforcement who were present at the scene when the buy took place but also the confidential informant.

(internal citations omitted).

The Pennsylvania conspiracy statute, 18 Pa.C.S.A. §903, provides:

> A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he: (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

*See* Commonwealth v. Fremd, 860 A.2d 515, 521 (Pa.Super. 2004).

"Thus, the express language of the statute does not require that an alleged co-conspirator be charged or convicted of the conspiracy." Id. Under Pennsylvania law, "all that is required is proof of the elements of conspiracy, one of which is that the defendant conspired with one or more persons to commit or plan a crime." Id. at 521-22. In Commonwealth v. Feliciano, 67 A.3d 19, 25-26 (Pa.Super. 2013), the court stated that "[t]o sustain a conviction for criminal conspiracy, the Commonwealth must establish the defendant: 1) entered into an agreement to commit or aid in an unlawful act with another person or persons; 2) with a shared criminal intent; and 3) an overt act was done in furtherance of

the conspiracy." The court in *Feliciano* also stated that the Commonwealth is no longer required to prove the guilt of both the defendant and his alleged conspirator to sustain a conspiracy conviction. Id. (citations omitted). Petitioner claims that his trial counsel was ineffective for failing to argue that his charges of criminal conspiracy were not proper under Pennsylvania law because the persons with whom he allegedly conspired to sell drugs were agents of the government. However, there was no merit to such a challenge to petitioner's conspiracy charges.

In Commonwealth v. Timer, 609 A.2d 572, 574-75 (Pa.Super. 1992), the court held that factual impossibility was not an available defense for criminal conspiracy.

The court in Timer, 609 A.2d at 574, stated:

The evil against which the conspiracy law is aimed is the agreement of two or more persons to act in concert for a criminal purpose. The fact that the criminal purpose would not be accomplished as a factual matter does not bar nor diminish the capacity and the intent to agree to accomplish the criminal object. The police officer's knowledge that he would not relinquish the drugs to appellant does not present a defense to the formation of the conspiratorial agreement and the overt steps the conspirators took toward its accomplishment. In Commonwealth v. Ohle, 503 Pa. 566, 470 A.2d 61 (1983), *cert. denied*, 474 U.S. 1083, 106 S.Ct. 854, 88 L.Ed.2d 894 (1986), the supreme court rejected appellant's argument that he should have been permitted to raise the defense of impossibility to the crimes of bribery and conspiracy.

Thus, since there was no arguable merit to petitioner's claim regarding his conspiracy charges, his trial counsel was not ineffective for failing to raise the impossibility of conspiracy at trial. *See* Matteo v. Super., SCI Albion, 171 F.3d

19

877, 889-90 (3d Cir. 1999). Based on the record, the state courts applied federal law in a reasonable manner when they found that petitioner Woodson's trial counsel was not ineffective for failing to challenge the conspiracy charges under the "objective reasonableness" standard in *Strickland*.

### IV. Conclusion

Based on the foregoing, petitioner Woodson's habeas petition, (Doc. 1), will be denied without an evidentiary hearing. *See* 28 U.S.C. §2254(e). There are no grounds to issue a certificate of appealability pursuant to 28 U.S.C. §2253(c)(1). Petitioner's motion to amend his habeas petition, (Doc. 37), is denied. Petitioner's motion for a stay, (Doc. 45), is denied. A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 30, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0558-01.wpd