**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LARRY WOODSON** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:14-0558** |
| | | |
| **v.** | : | **(JUDGE MANNION)** |
| | | |
| **THERESA DELBASO,** | : | |
| | | |
| **Respondent** | : | |

**MEMORANDUM**

**I. Background**

Petitioner, Larry Woodson, an inmate currently confined at the State Correctional Institution, Dallas, Pennsylvania, filed the above captioned *pro se* habeas corpus petition, pursuant to 28 U.S.C. §2254, challenging his 2008 conviction and aggregate sentence of 210 to 420 months incarceration, imposed by the Luzerne County Court of Common Pleas, for various drug related offenses. (Doc. 1). Specifically, Petitioner raises seven habeas claims of ineffective assistance of counsel. Id. By Memorandum and Order dated March 30, 2016, the Court denied Woodson's petition for writ of habeas corpus. (Docs. 46, 47).

On April 13, 2016, Petitioner filed a notice of appeal to the United States Court of Appeals for the Third Circuit. (Doc. 50). By Order dated October 13, 2016, the Court of Appeals denied Woodson's request for a certificate of appealability finding that "jurists of reason would not debate the

District Court's decision that several of Appellant's claims are inexcusably procedurally defaulted and that his claim alleging ineffective assistance of post-conviction counsel is not cognizable on habeas review" and that "[j]urists of reason also would not debate the District Court's conclusions that the state court rulings on Appellant's ineffective assistance of counsel claims are not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court." <u>Woodson v. Superintendent Retreat SCI, et al.</u>, No. 16-2280 (3d Cir. Oct. 13, 2016). By Order dated December 6, 2016, the Third Circuit denied Woodson's petition for *en banc* rehearing. <u>Id</u>.

On March 4, 2019, almost three years after the Third Circuit declined to issue a certificate of appealability, Woodson filed the pending motion for relief from final judgment pursuant to Rule 60(b)(6). (Doc. 52) For the reasons that follow, the Court will deny Woodson's motion.

## II.  **Legal Standard**

Federal Rule of Civil Procedure 60(b)(6) permits a court to grant relief from a final judgment or order "for any other reason that justifies relief" other than the reasons listed elsewhere in Rule 60(b). Fed. R. Civ. P. 60(b)(6); <u>Cox v. Horn</u>, 757 F.3d 113, 120 (3d Cir. 2014). Relief under Rule 60(b)(6) should

be granted in only "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Cox, 757 F.3d at 120 (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)); see also Gonzalez v. Crosby, 545 U.S. 524, 536 (2005) (noting that relief under Rule 60(b)(6) demands a showing of "extraordinary circumstances"). In the habeas context, Rule 60(b) motions cannot be used to circumvent the AEDPA's statutory restrictions for filing second or successive habeas petitions. See Gonzalez, 545 U.S. at 531-32. Thus, Rule 60(b) motions that bring new claims or "attack the federal court's previous resolution of a claim on the merits" are not true Rule 60(b) motions but are instead disguised second or successive habeas petitions. Id.

## III. Discussion

Woodson's Rule 60(b)(6) motion requests that this Court reopen the above captioned action and excuse the procedural default of three of his ineffective assistance of counsel claims and grant him relief on the merits of those claims. (Doc. 52). Additionally, he requests the Court revisit his claim that trial counsel was ineffective for failing to object to Woodson's convictions for criminal conspiracy on grounds of factual and/or legal impossibility, a claim that has already been adjudicated on the merits. Id.

In support of his request, Woodson avers that: (1) he has "newly-discovered evidence" in the form of copies of photographs taken of him by the Pennsylvania Department of Corrections ("DOC") on May 31, 2006 while he was incarcerated that show a scar on his face; (2) those photographs convincingly establish that he is actually innocent of the crimes for which he was convicted; (3) this in turn demonstrates that a manifest injustice has occurred; and (4) this justifies the Court re-opening his case, excusing his procedural default of the aforementioned trial counsel ineffectiveness claims, and deciding them on the merits. Id. In addition, it appears that Woodson may also be arguing that the decision in McQuiggin v. Perkins, 569 U.S. 383, 386–87 (2013) constitutes new law that justifies a re-opening of his case. Id.

The Respondent contends that Woodson's motion should be denied because it attacks the Court's previous resolution of the claims on the merits and should be characterized as a successive habeas petition, see 28 U.S.C. §2255(h) (a successive habeas petition may only be filed with permission of the appropriate court of appeals), it was not filed within a reasonable time under Rule 60(b)(6), and because Woodson has failed to show extraordinary circumstances to justify the reopening of his final judgment under Rule 60(b)(6). (Doc. 64).

- 4 -

Woodson cannot succeed on his motion. "The district court is without jurisdiction to alter the mandate of this court on the basis of matters included or includable in defendants' prior appeal." Seese v. Volkswagenwerk, A.G., 679 F.2d 336, 337 (3d Cir. 1982); see also Warren v. Superintendent Forest SCI, No. 17-2065, 2017 WL 5484778, at *1 (3d Cir. Aug. 10, 2017) (denying request for a certificate of appealability for a Rule 60(b) motion because petitioner could have presented the arguments he made in his Rule 60(b) motion in his appeal from the district court's denial of his habeas petition). In this case, all of Woodson's arguments could have been raised on appeal. Woodson's failure to raise these concerns in his petition for a certificate of appealability does not entitle him to raise them for the first time now. Woodson's motion for relief from judgment must be denied because the arguments he raises were includable in his prior appeal.

Moreover, because Woodson could have raised these arguments on appeal more than three years ago, Woodson has not demonstrated the required prerequisites to granting relief under Rule 60(b)(6) that

"extraordinary circumstances" exist or that his motion must be granted "to prevent a grave miscarriage of justice."[1]

Finally, Woodson contends that he has newly discovered evidence that would meet the "actual innocence" gateway requirements in McQuiggin v. Perkins, 569 U.S. 383 (2013).[2] This new evidence, Woodson contends, would permit review of some of his underlying procedurally defaulted claims

---

[1] Additionally, Woodson cannot succeed on his Rule 60(b)(6) motion because he waited almost three years after the Third Circuit denied his certificate of appealability to file his motion. While a Rule 60(b)(6) motion does not have to be filed within one year, it but must be filed within "a reasonable time." Gonzalez v. Crosby, 545 U.S. 524, 534–35 (2005). The filing of a Rule 60(b)(6) motion seventeen months after judgment was entered with no meaningful explanation to the court for the delay was not within a reasonable time. Walsh v. United States, 639 F. App'x 108, 111–12 (3d Cir. 2016); see also Moolenaar v. Government of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987) (the filing of such a motion almost two years after a District Court's initial judgment is not within a reasonable time). In order to satisfy this requirement, the petitioner must provide the court with a "persuasive explanation for the delay." United States v. Mishra, 784 Fed.Appx 53, 54 (3d Cir. 2019) (non-precedential).

[2] The gateway actual innocence standard requires "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Reeves v. Fayette SCI, 897 F.3d 154, 161 (3d Cir. 2018) (quoting McQuiggin, 569 U.S. at 386, 392, 133 S.Ct. 1924). The petitioner must "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Satterfield v. Dist. Attorney Phila., 872 F.3d 152, 162, 163 (3d Cir. 2017) (alteration in original) (quoting McQuiggin, 569 U.S. at 386, 399, 133 S.Ct. 1924).

- 6 -

of ineffective assistance of counsel asserted in his original habeas petition. Specifically, Woodson offers to the Court copies of photographs depicting him that were purportedly taken by the Department of Corrections on May 31, 2006 while he was incarcerated at SCI-Cresson. According to Woodson, these images reflect the fact that roughly three months before the commission of the crimes (the controlled substance deliveries were in August 2006), he had a scar on his face which contradicts the trial testimony of the two undercover officers who stated that they stood close to the perpetrator at the time of the deliveries and did not notice a scar on his face.[3]

Woodson cannot meet Rule 60(b)(6)'s exacting standards. Initially, the Court notes that the proffered photographs are not "new evidence." Taking Woodson at his word, the photographs were created on May 31, 2006, which was more than two years before his jury trial verdict was reached on October 10, 2008. It is indisputable that Woodson himself was present when these photographs of him were taken by the Department of Corrections and he was

---

[3] Woodson argued at trial that the police had arrested the wrong person due to mistaken identity and tried to establish that by showing that the perpetrator did not have a scar on his face like he (Woodson) did. However, the confidential informant working with the law enforcement agents testified that he did see a scar on the neck of the person who delivered the illegal drugs (See Doc. 29-31 at 1, 10/8/08-10/10/08 NT at 114).

aware that they were taken when they were taken. Thus, he has personally known about the existence of the photographs since their creation in May of 2006. This was well before his jury trial, direct appeal, and state court collateral review proceedings. It was also almost thirteen years before he filed his Rule 60(b)(6) motion in the instant action. Woodson's conscious decision to draw attention to the photographs now instead of during his state criminal and federal habeas corpus proceedings does not create an extraordinary circumstance justifying a reopening of the case.

Moreover, there is simply nothing extraordinary about the nature of the photographs. The images allegedly depict a scar which Woodson himself has admitted existed on his face at the time of his trial in October 2008. In other words, because he was present at his own criminal trial, the jury was able to physically observe him, including his facial features. To the extent that his defense involved a claim of false identification that focused on the existence or non-existence of a scar on the perpetrator's face, the jury heard testimony from the various eyewitnesses as well as argument about the issue and had Woodson sitting within their view throughout the trial. As such, the Petitioner has failed to "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Satterfield, 872 F.3d at 163.

Consequently, Petitioner has failed to satisfy the requirement of Rule 60(b)(6) and demonstrate the existence of extraordinary circumstances to justify disturbing the finality of his judgment.

## III. <u>Conclusion</u>

Based on the above, Woodson's *pro se* motion for relief under Federal Rule of Civil Procedure 60(b)(6) is **DENIED**. A certificate of appealability shall not issue, as Woodson has not made a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. §2253(c)(2).

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 23, 2022**
14-0558-02